NEW PROCESS STEEL CORPORA-
TION, Plaintiff,

v.

The TITAN INDUSTRIAL CORPORA-
TION, Defendant.

Civ. A. No. H–82–1409.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 8, 1983.

Joel M. Androphy, Richie & Greenberg, P.C., Houston, Tex., for plaintiff.

Thomas R. McDade, Fulbright & Jaworski, Houston, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

McDONALD, District Judge.

Came on to be heard defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (hereinafter Fed.R.Civ.P.), Motion to Stay pursuant to 9 U.S.C. § 3, and Motion for a Protective Order pursuant to Rule 26(c) of the Fed.R.Civ.P. After careful consideration of the arguments of the parties and the applicable law, this Court is of the opinion, for the reasons set forth below, that defendant's Motion to Dismiss for lack of subject matter jurisdiction should be DENIED, that defendant's Motion to Stay proceedings pending arbitration should be GRANTED, and its Motion for a Protective Order should be GRANTED.

On or about May 20, 1982, the plaintiff, New Process filed a Complaint in this Court, and on July 28, 1982, an Amended Complaint, for damages in an amount not less than the jurisdictional minimum for non-delivery and repudiation by the defendant, Titan Industrial Corporation, of sales contracts numbered 2624–02, 2625–02, 2648–02, 2655–02, and 2656–02. The plaintiff claims as damages the difference between the contract price of the goods and the import market value of like goods in the buyer's market on contract delivery date, together with any incidental and consequential damages, including lost profits. Furthermore, New Process contends that it is entitled to exemplary damages in an amount not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, based upon Titan's false promises and representations.

With respect to the Guaranty of sales contract number 2621–02, New Process

claims that it is entitled to damages, for inconsistencies and imperfections in the goods delivered, in the amount equal to the difference between the sales contract price of the goods and the import market value of like goods in the buyers market on contract delivery date, together with any incidental and consequential damages, including lost profits. Alternatively, it is the plaintiff's position that in the event it is liable in any amount on contract 2621–02, that such amount should be offset from New Process' claim for damages pursuant to contracts 2624–02, 2625–02, 2648–02, 2655–02, and 2656–02 as authorized by § 2–717 of the Uniform Commercial Code and § 2.717 of the Tex.Bus. & Comm.Code Ann. Title 1 (Vernon 1976).

On or about June 2, 1982, after service of the aforementioned Complaint, Titan requested from New Process an extension until July 12, 1982, to answer or otherwise plead to the Complaint. New Process agreed to such extension.

In an arbitration proceeding separate from this action commenced on June 22, 1982, New Process received a Demand For Arbitration from the American Arbitration Association. Titan, by and through its agent, Titan Acier, S.A., alleged that Eugene R. Fant, Alta Fay Fant (hereinafter referred to as Fants) and New Process breached a guaranty of full and prompt performance by NP Metals, GmbH, an agent of New Process, of all obligations, including payment under sales contract number 2621–02 dated August 17, 1981.

On or about July 15, 1982, Titan filed in this Court a "Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, Motion to Stay, and Motion for Protection," requesting that the Complaint be dismissed in its entirety. On July 19, 1982, New Process advised the American Arbitration Association of the pending federal action, and that an appearance in the arbitration of the Guaranty would not be entered by New Process and the Fants until the issues of arbitrability and waiver in sales contracts in dispute in the instant case were resolved by the court. On July 12, 1982,

New Process and the Fants were advised by the American Arbitration Association that further administration of the Guaranty matter would be held in abeyance pending a decision by the Court regarding New Process' sales contract allegations.

In support of the Motion to Dismiss, the defendant argues that the court lacks subject matter jurisdiction because as a matter of law, the issues presented are referable to arbitration. In support of its Motion, defendant submitted the affidavit of Thomas R. McDade but failed to provide any case law in support of its argument.

■ The Arbitration Act is not a grant of jurisdiction, therefore, as a prerequisite to this Court exercising jurisdiction over the subject matter of this action, plaintiff must allege some independent basis for jurisdiction. Wright & Miller, *Federal Practice & Procedure,* § 3569, p. 468. The burden of proof on a Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction. Wright & Miller, *Federal Practice & Procedure,* § 1350, p. 555. The question of whether or not this Court has subject matter jurisdiction over the plaintiff's claim is to be determined by looking to the allegations of the complaint for federal question jurisdiction or in diversity actions to the parties at the commencement of the action. *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Smith v. Sperling,* 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). There is no basis in the case law to support the defendants' assertion that simply because a matter may be referable to arbitration, the Court is deprived of jurisdiction. In this case, the well-pleaded allegations of the plaintiff's complaint sufficiently allege "diversity of citizenship" jurisdiction and defendant's motion to dismiss should be denied.

Titan Industrial Corporation premises the Motion to Stay on the Guaranty of Sales Contract No. 2621, dated August 17, 1981, as changed by Change Order # 7 dated November 9, 1981, specifically on clause six relating to arbitration which provides:

All controversies and disputes arising out of, or in relation to this Guaranty, or any modification or breach thereof, shall be settled by arbitration in the City of Houston, Texas, by three arbitrators in accordance with the laws of the State of New York and the Arbitration Rules of The American Arbitration Association then obtaining, and the parties consent to the jurisdiction of the Supreme Court of the State of New York or any other Court of competent jurisdiction, for all purposes including enforcement of the arbitration agreement and proceedings and entry of judgment on any award; and further consent that any process or notice of motion or other application to the Court or a Judge thereof may be served outside the State of New York by registered mail or by personal service, provided a reasonable time for appearance is allowed. The arbitration proceedings shall be recorded and transcribed.

Guaranty of Arbitration, CL. No. 6. Defendant, Titan Industrial Corporation relies on clause fourteen relating to arbitration in its Motion to Stay for Contracts 2624–02, 2625–02, 2648–02, 2655–02, and 2656–02. The arbitration clause of the above contracts is a standard clause and reads as follows:

All controversies and disputes arising out of, or in relation to this contract, or any modification or breach thereof shall be settled by Arbitration in Houston, Texas, in accordance with the rules of the American Arbitration Association and the parties hereby consent to the jurisdiction of the appropriate courts of New York or any other court of competent jurisdiction, for all purposes, including enforcement of the arbitration agreement, proceedings and entry of judgment on any award; and the parties hereby further consent that any process or notice of motion or other application to the Arbitration Association or to a judge thereof, may be served by registered mail or by personal service, provided that a reasonable time for appearance is allowed.

Sales Contracts, 2624, 2625, 2648, 2655, 2656, CL. No. 14.

The Court's authority to grant a stay pending arbitration arises out of Section 3 of the United States Arbitration Act, 9 U.S.C. § 3 (1970). Section 3 of the Act requires a federal court in which suit has been brought upon any issue referable to arbitration under an agreement in writing to stay the Court action pending arbitration once it has determined that the issue is arbitrable under the agreement. Wright & Miller, *Federal Practice & Procedure* § 3569, p. 467.

■ The purpose of the Act is to allow parties to a contract to select a less costly alternative to litigation, and then to proceed in that alternative forum without delay imposed in the courts. *See Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 510–11, 94 S.Ct. 2449, 2452, 41 L.Ed.2d 270 (1974); *Prima Paint Corporation v. Flood & Conklin,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). The focus of the Court's analysis in resolving a Section Three Motion to Stay is limited to "issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corporation v. Flood & Conklin,* 388 U.S. at 404, 87 S.Ct. at 1806. The District Court must grant an application for a stay of proceedings pending arbitration where two conditions are satisfied: (a) the issue is one which is referable to arbitration under an agreement in writing for such arbitration, and (b) the party applying for the stay is not in default in proceeding with arbitration. *C. Itoh & Co. v. Jordan Intern. Co.,* 552 F.2d 1228 (7th Cir.1977). The contention that an arbitration clause was induced by fraud by law precludes arbitration on the matter until a judicial trial of the question of fraud. *See Wicks v. Atlanta Marine, Inc.,* 605 F.2d 166, 168 (5th Cir.1979); *Robert Lawrence Co. v. Devonshire Fabrics, Inc.,* 271 F.2d 402, 410–11 (2d Cir.1959), *cert. dismissed,* 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960).

■ As a preliminary matter, the breach of non-delivery and repudiation claims alleged by the plaintiff, in the case at bar, are matters encompassed within the language of the arbitration clause. A review of the

original complaint, amended complaint and affidavits, however, reveals that plaintiff's cause of action is based primarily on an asserted breach of contract. The complaints allege a "non-delivery and repudiation by the seller", and assert a contract measure of damages—"the difference between the contract price of the goods and the import market value of like goods." (¶ 13 of both the complaint and the amended complaint). Both ask judgment that Titan be found "in breach of contract." The Supreme Court has made it clear that as a matter of law, fraud in the inducement of an arbitration clause in a contract is not enforceable if the *inclusion of that clause* in the contract was the product of fraud or coercion. *See Scherk v. Alberto-Culver Company,* 417 U.S. 506, 519, n. 14, 94 S.Ct. 2449, 2457, n. 14, 41 L.Ed.2d 270 (1974). Allegations of fraud concerning the substance of contracts—distinguished from those addressed only to arbitration provisions—are for the arbitrators, and not for the courts to determine. *See, e.g., Prima Paint v. Flood & Conklin,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270; *Hamilton Life Ins. Co. of N.Y. v. Republic Nat. Life Ins. Co.,* 408 F.2d 606, 610 (2d Cir.1969); and *Robert Lawrence Co. v. Devonshire Fabrics, Inc.,* 271 F.2d 402 (2d Cir.1959), *cert. dismissed,* 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960). In the instant case, this Court concludes that the plaintiff's complaint is of fraud in the inducement of the underlying contracts, rather than fraud in the inducement of the arbitration clause, and therefore, is properly referable to an arbitrator.

Moreover, the corollary to this conclusion is this Court's view that from its reading of the pleadings, memoranda and affidavits, that plaintiff's allegations that New Process Steel was fraudulently induced to enter the arbitration agreements in the Guaranty or the sales contracts are without factual basis. Plaintiff does not deny the existence of an agreement to arbitrate the Guaranty of contract 2621–02. Neither does the plaintiff contest the representations made in the affidavit of Dean G. Yuzek and the supplemental affidavit of Harold A. Axel that counsel for plaintiff knew of the sales contracts' arbitration clause and in fact, modified the terms of the arbitration clause. In the face of this evidence, plaintiff in conclusory language alleges that they "were fraudulently induced into entering into the arbitration clause" without providing an inkling as to the manner in which this occurred.

Finally, this Court finds no evidence of inconsistent action on the part of the defendant which would justify a finding of waiver or default by Titan of the arbitration defense relating to the sales contracts. Once the plaintiff made the sales contracts the subject of the instant action, the defendant properly moved for a stay in compliance with the provisions of the Federal Arbitration Act. In light of the above considerations, defendant's Motion to Stay is GRANTED.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that defendant's Motion to Dismiss is DENIED; Motion to Stay is GRANTED and Motion for a Protective Order is GRANTED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.