**Rigdon O. DEES, III, Plaintiff,**

v.

**Ira T. DISTENFIELD and Smith Barney Harris Upham & Co. Inc., Defendants.**

**No. CV 84–8676 PAR.**

United States District Court, C.D. California.

July 17, 1985.

Gerald F. Edelstein, Peter Laird, Arrow, Edelstein, Gross & Asher, C.C., Los Angeles, Cal., for plaintiff.

Peter Brown Dolan, P.C., Maren E. Nelson, Overton, Lyman & Prince, Los Angeles, Cal., for defendants.

MEMORANDUM OF DECISION
AND ORDER

RYMER, District Judge.

Plaintiff Rigdon O. Dees III brings this action alleging violations of § .10(b) of the Securities Exchange Act of 1934 ("the 1934 Act"), 15 U.S.C. § 78j(b), and S.E.C. Rule 10b–5. Pendent claims alleging fraud, breach of fiduciary duty, negligence and breach of oral contract were previously dismissed under the principles set forth in *United Mineworkers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Dees charges defendants with misconduct in the management of his securities

account. Specifically, he alleges that defendant Ira T. Distenfield, as the account executive, and Smith Barney, Harris Upham & Co. ("Smith Barney") as principal, executed unauthorized transactions which were excessive in volume and frequency and were made solely for Smith Barney's benefit. In addition, plaintiff charges defendants with a number of fraudulent misrepresentations.

Plaintiff's claim arises from a securities account opened by him at the Beverly Hills office of Smith Barney in October 1983. At the time he opened the account, plaintiff signed a Securities Account Agreement ("the Agreement") which provides, in part: "Any controversy between Smith Barney and me arising out of or relating to this contract or the breach thereof, shall be settled by arbitration, in accordance with the rules, then obtaining, of either the Boards of Arbitration of the New York Stock Exchange, American Stock Exchange or National Association of Securities Dealers as I may select."

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3 and 4 (1976), defendants move for an order staying this action and compelling plaintiff to arbitrate the federal securities claim. Section 4 of the Arbitration Act provides in pertinent part: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement." After proper notice, a hearing and "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitra-

tion in accordance with the terms of the agreement."[1]

It is uncontested that plaintiff and defendants agreed in writing to arbitrate any disputes arising from the management of the securities account. Plaintiff also concedes that his claim against defendants arises from the securities account governed by the Agreement. Similarly, there is no question that defendant demanded arbitration in a timely fashion and plaintiff refused to arbitrate the claim brought under the federal securities law.[2] Nor does plaintiff assert any general contract defenses such as illegality or fraud in the inducement which might establish that the arbitration provision is unenforceable or revocable. *See Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 861 n. 11, 79 L.Ed.2d 1 (1984); 9 U.S.C. § 2 (1976).

Plaintiff opposes the motion to stay the action and compel arbitration on two grounds. First, plaintiff argues that the arbitration provision does not apply because it states, "Nothing in this paragraph shall in any way constitute a waiver or limitation of any rights which the undersigned may have under federal securities law." According to plaintiff, compelling arbitration constitutes a limitation, if not an outright waiver, of his right to bring his Rule 10b–5 claim in federal court. However, the clause offered by plaintiff makes the arbitration clause coextensive with plaintiff's rights under the federal securities laws. Thus, the applicability of the arbitration clause depends on whether the 1934 Act gives plaintiff an unlimited right to a determination in federal court and whether the Arbitration Act applies to claims brought pursuant to § 78j(b) and Rule 10b–5.

**1.** Section 3 states: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance

with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

**2.** On March 15, 1985, plaintiff agreed to submit the state law causes of action to arbitration and selected the Board of Arbitration of the New York Stock Exchange to decide the claims.

Second, plaintiff asserts that the policy which underlies the 1934 Act, a desire to protect the small securities investor, prohibits the enforcement of any pre-dispute arbitration agreement. Thus, in order to determine both grounds for opposition, the Court must decide whether the 1934 Act constitutes an exception to the mandate of the federal Arbitration Act to enforce arbitration agreements.

The starting point for this discussion is *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) where the Supreme Court held that an agreement to arbitrate future disputes was not enforceable with respect to claims brought under § 12(2) of the Securities Act of 1933. The Court based its holding on several interrelated statutory provisions. Section 14 of the 1933 Act, 15 U.S.C. § 77n (1982), provides that "[a]ny condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this subchapter or of the rules and regulations of the Commission shall be void." The Court also noted that the Securities Act of 1933 was designed to protect investors from fraud by requiring securities dealers to provide full disclosure. In order to effectuate this policy, § 12(2) expressly "created a special right to recover for misrepresentation which differs substantially from the common-law action in that the seller is made to assume the burden of proving lack of scienter." *Id.* at 431, 74 S.Ct. at 184. Finally, § 22 of the 1933 Act, 15 U.S.C. 77v(a) (1982), affords plaintiff a broad choice of forum by making the "special right" created by § 12(2) "enforceable in any court of competent jurisdiction—federal or state." *Id.* Taking these sections together and considering the purposes of the Securities Act of 1933, the Court concluded that the intent of Congress was better effectuated if arbitration

provisions did not cover claims brought pursuant to § 12(2). *Id.* at 438, 74 S.Ct. at 188–89.

Plaintiff argues that the broad policy considerations underlying the 1933 Act compel a similar result with respect to claims brought under § 10(b) of the 1934 Act. However, the 1934 Act is substantially different in several respects and the reasoning in *Wilko* cannot be mechanically applied. As the Supreme Court noted in *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), "[t]here is no statutory counterpart of § 12(2) in the Securities Act of 1934, and neither § 10(b) of that Act nor Rule 10b–5 speaks of a private remedy to redress violations of the kind alleged here." 417 U.S. at 513, 94 S.Ct. at 2454. Rather than containing an expressly created "special right" as does the 1933 Act, the 1934 Act does not provide a private right of action with respect to § 10(b). Instead, the lower federal courts have implied a private right of action under that section. *See Herman & MacLean v. Huddleston,* 459 U.S. 375, 380 nn. 9–10, 103 S.Ct. 683, 686–87, nn. 9–10, 74 L.Ed.2d 548 (1983). Thus, although § 29(a) of the 1934 Act, 15 U.S.C. § 78cc(a), bars a waiver of "any provision of this chapter or of any rule or regulation thereunder," it does not literally apply to a judicially implied Rule 10b–5 claim. *Dean Witter Reynolds Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 1244, 84 L.Ed.2d 158 (1985) (White, J., concurring). Additionally, although the 1934 Act's non-waiver provision is similar to § 14 of the 1933 Act,[3] certain provisions of the 1933 Act which the *Wilko* Court found could not be waived have no counterpart in the 1934 Act. *Scherk,* 417 U.S. at 513–14, 94 S.Ct. at 2454–55. For example, unlike the broad jurisdiction and venue provision found in the 1933 Act, "the analogous provision of the 1934 Act, by

**3.** Section 29(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78cc(a), provides: "Any condition, stipulation, or provision binding any person to waive compliance with any provision of this chapter or of any rule or regulation thereunder, or of any rule of an exchange required thereby shall be void."

Section 14 of the Securities Act of 1933, 15 U.S.C. § 77n, states: "Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this chapter or of the rules or regulations of the Commission shall be void."

contrast, provides for suit only in the federal district courts that have 'exclusive jurisdiction,' 15 U.S.C. § 78aa, thus significantly restricting the plaintiff's choice of forum." *Id.* at 514, 94 S.Ct. at 2455. Jurisdiction under the 1934 Act is confined to the federal courts and is thus narrower. This view of the arbitrability of claims brought pursuant to the 1934 Act was recently reiterated, albeit in dicta, in *Dean Witter Reynolds, Inc. v. Byrd,* — U.S. ——, 105 S.Ct. 1238, 1244, 84 L.Ed.2d 158 (1985) (White, J., concurring). Thus, the significant differences between the 1933 Act and the 1934 Act leads the Court to the conclusion that the exception to the mandate of the Arbitration Act set forth in *Wilko* does not extend to Rule 10b–5 claims brought by a customer against his broker.

Nevertheless, those lower courts which have considered the question have held that pre-dispute arbitration agreements do not apply to Rule 10b–5 claims. *Weissbuch v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 558 F.2d 831, 835 (7th Cir.1977) (policy considerations mandate the application of *Wilko* to Rule 10b–5 situations); *Ayres v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 538 F.2d 532, 536 (3d Cir.1976); *Sibley v. Tandy Corp.,* 543 F.2d 540, 543 n. 3 (5th Cir.1976); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Moore,* 590 F.2d 823, 827–29 (10th Cir.1978); *see also De Lancie v. Birr, Wilson & Co.,* 648 F.2d 1255, 1258–59 (9th Cir.1981) (arbitration is regarded with favor except in situations involving protective legislation such as the federal securities laws). These courts appear to base their holding on the perceived purpose of the federal securities laws—to protect investors—and the differences between litigation in court and arbitration.

 At the same time, these cases give little consideration to the mandate and policy of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* and appear to assume that arbitration proceedings are inadequate to protect an investor's rights. By enacting the Federal Arbitration Act, Congress sought to make arbitration agreements as enforceable as all other contracts. *Prima*

*Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404 n. 12, 87 S.Ct. 1801 n. 12, 18 L.Ed.2d 1270 (1967). Congress intended to avoid the unnecessary expense and delay of litigation where parties had provided for the more efficient process of arbitration. *Id.* at 404, 87 S.Ct. at 1806; *Cunningham v. Dean Witter Reynolds, Inc.,* 550 F.Supp. 578, 584 (E.D.Cal.1982). Moreover, arbitration under the Act "is intended to provide the parties to a dispute with a speedy and relatively inexpensive trial before specialists." *Conticommodity Services Inc. v. Philipp & Lion,* 613 F.2d 1222, 1224 (2d Cir.1980); *New Process Steel Corp. v. Titan Industries Corp.,* 555 F.Supp. 1018, 1021 (S.D.Tex.1983). In this case, arbitration provides the parties with a neutral and expert determination of the dispute. Moreover, the Arbitration Act represents a strong public policy in favor of arbitration as an effective means of resolving disputes, *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 511–12, 94 S.Ct. 2449, 2453–54, 41 L.Ed.2d 270 (1974). Absent an indication from Congress that arbitration of Rule 10b–5 claims should not be permitted, the unqualified policy favoring arbitration should be enforced. *See Hagstrom v. Breutman,* 572 F.Supp. 692, 699 (N.D.Ill. 1983).

Accordingly, it is hereby ordered that this action is stayed and plaintiff shall arbitrate his federal securities cause of action pursuant to the terms of the Securities Account Agreement.