William D. ADAMS, Rita E. Adams, and William E. Adams, Plaintiffs,

v.

Robert SWANSON, Richard Davidson, and Smith Barney, Harris Upham & Co., Incorporated, a Delaware corporation, Defendants.

Civ. No. 85–868.

United States District Court,
D. Oregon.

Nov. 22, 1985.

Allen G. Drescher, Drescher & Arnold, Ashland, Or., for plaintiffs.

W.V. Deatherage, Steven H. Pratt, Medford, Or., Edward Turan, Marty Berglas, New York City, for defendants Davidson, and Smith Barney, Harris Upham & Co., Inc.

## OPINION

REDDEN, Judge:

Judge Juba's Findings and Recommendation is before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b). When either party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982).

Plaintiffs filed this action alleging securities laws violations against a nationwide securities broker, a stockbroker and a branch office manager. Defendants moved to compel enforcement of an arbitration clause in their investment services contract or, alternatively, to dismiss. Judge Juba recommended that defendants' motion to compel arbitration be granted. Plaintiffs have timely objected. I have given the case a *de novo* review. I do not adopt the Magistrate's Findings and Recommendation that arbitration be compelled. I also consider defendants' alternative motion to dismiss and deny that motion.

### Background

Defendant Smith Barney is a nationwide securities broker and dealer. Defendant Swanson is a stockbroker and defendant Davidson is branch manager for Smith Barney in Medford, Oregon. Plaintiffs William D. Adams, Rita E. Adams and William E. Adams signed a "Customer Agreement" for investment services and transferred $124,000 to Smith Barney in May 1984. This agreement contains an arbitration clause.[1] Plaintiffs' suit alleges violations of Section 10(b) of the Securities and Exchange Act of 1934 (1934 Act) as amended, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. 240, 10b-5. Further, plaintiffs allege violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, common law fraud and breach of fiduciary duty.

### Discussion

Plaintiffs' sole argument is that Judge Juba's Findings and Recommendation is contrary to the law of the Ninth Circuit and the District of Oregon. Plaintiffs rely on a recent unpublished opinion of this district, *Schnitzer v. Oppenheimer & Co., Inc.*, 633 F.Supp. 92 (D.C.Or.1985).

The question is whether courts may order enforcement of arbitration clauses in investment contracts subject to pending actions arising under the 1934 Act. In actions arising under § 12(2) of the Securities Act of 1933 (1933 Act), agreements to arbitrate future controversies are unenforceable. *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). There, the Court reasoned that § 12(2) of the 1933 Act expressly granted individuals a private cause of action, and § 14 of the Act expressly declared void the waiver of any provision of the Act. Thus, with respect to claims under the 1933 Act, parties may not waive their rights to judicial relief. Such arbitration clauses are unenforceable.

The case law is not dispositive with respect to 1934 Act claims, however. The Supreme Court recently refused to decide whether *Wilko* applied to § 10(b) claims

---

1. The "Customer Agreement" contained the following provision:

   Any controversy between Smith Barney and me arising out of or relating to this contract or the breach thereof, shall be settled by arbitration.... The award of the arbitrator, or of a majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction. The federal securities laws provide that agreements may not bind persons to waive compliance with any provision of the federal securities laws. Therefore, nothing in this paragraph shall in any way constitute a waiver or limitation of any rights which the undersigned may have under federal securities laws.

under the 1934 Act. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). In a footnote, they did note that it was the general rule in some circuits, including the Ninth, not to compel arbitration in actions arising under the 1934 Act, even though there was not an explicit statutory grant of a private cause of action. *Byrd,* 105 S.Ct. at 1240, n. 1. The Supreme Court pointed to *De Lancie v. Birr, Wilson & Co.,* 648 F.2d 1255 (9th Cir.1981) as expressing the Ninth Circuit rule.

The judge's recommendation to compel arbitration here was based on his interpretation of *Byrd.* He interpreted *Byrd* as strongly suggesting that § 10(b) claims should be subject to compelled arbitration, and pointed to the concurring opinion in *Byrd* and to recent district court decisions from Florida.

However, in an opinion from this district, filed shortly before Judge Juba's Findings and Recommendation, this issue was considered and ruled upon. *Schnitzer,* 633 F.Supp. 92. That decision, relying on *De Lancie* and *Byrd,* held that federal securities claims under the 1934 Act are not arbitrable. Judge Panner explained that *Byrd,* although not dispositive on the issue of claims arising under the 1934 Act, did not change the rule set down by the Ninth Circuit in *De Lancie. Schnitzer,* 633 F.Supp. at 99–100.

Also, another more recent opinion of this district followed *Schnitzer* and held that federal securities claims under § 10(b) of the 1934 Act were considered nonarbitrable. *Lampros v. Merrill, Lynch, Pierce, Fenner & Smith,* Civ. No. 85–684–LE (D.C.Or. October 3, 1985). There, the recent developments in the Ninth Circuit, Supreme Court decisions and Securities and Exchange Commission Releases were fully discussed. *Contra, Dees. v. Distenfield,* 618 F.Supp. 123 (C.D.Cal.1985).

■ The rule in this district is now that the federal securities claims under the 1934 Act are nonarbitrable. Thus, arbitration may not be compelled.

Defendants move to dismiss counts one, two and three of the complaint for failure to state a claim upon which relief can be granted. Defendants argue that plaintiffs have failed to allege either a violation of the federal securities laws or the Racketeer Influenced Corrupt Organization Act (RICO). I do not agree.

■ Plaintiffs claim that defendants induced them through false, fraudulent and untrue statements and representations to open an account with Smith Barney of which defendant Swanson exercised complete control. After opening an account with Smith Barney plaintiffs claim that defendants, contrary to plaintiffs' stated objectives and without plaintiffs' knowledge, placed plaintiffs' money in speculative investments that resulted in less than the promised rate of return and losses to the account. Plaintiffs further allege that defendants "churned" plaintiffs' account to generate commissions.

I conclude that plaintiffs state a claim cognizable under § 10(b) of the Securities and Exchange Act of 1934. Plaintiffs allege specific factual misrepresentations as to the type of investment and the percentage return. The complaint alleges that the statements were false and made with scienter and were knowingly intended to induce plaintiffs to purchase securities through defendants. Plaintiffs also allege that they would not have made these investments had they known the statements were fraudulent.

■ For plaintiffs to establish a claim of churning they must allege that the trading in their account was excessive in light of their investment objectives, that the broker exercised control over the trading in the account and that the broker intended to defraud. Plaintiffs meet these requirements by alleging that 120 trades were made in 150 trading days, and that defendant Swanson made most of these trades without notice to, or approval of the plaintiffs. Plaintiffs further allege that they were not able to evaluate recommendations or exercise any independent judgment concerning those trades. "The churning of a

client's account is, in itself, a scheme or artifice to defraud within the meaning of rule 10b–5." *Mihara v. Dean Witter & Co., Inc.,* 619 F.2d 814, 821 (9th Cir.1980). Plaintiffs allege facts sufficient to allow a "determination of either the turnover ratio of the account, or the percentage of the accounts value paid in commissions." *Lopez v. Dean Witter Reynolds, Inc.,* 591 F.Supp. 581, 584 (N.D.Cal.1984).

■ Therefore, plaintiffs allege violations of § 10(b) and rule 10b–5 with sufficient clarity to satisfy Fed.R.Civ.P. 9(b) and defeat defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss.

Plaintiffs' claim under RICO, 18 U.S.C. § 1961 *et seq* also withstands defendants' motion to dismiss.

Plaintiffs sufficiently allege the time, place and contents of defendants' misrepresentations. Plaintiffs also allege defendants Smith Barney and Swanson engaged in a pattern of racketeering activity by churning plaintiffs' account and making false and misleading statements through the enterprise of the local Medford office of Smith Barney. Plaintiffs claim they were damaged and incurred financial loss due to defendants Smith Barney's and Swanson's scheme to defraud.

Therefore, plaintiffs allege a violation of RICO with sufficient clarity to satisfy Fed.R.Civ.P. 9(b) and defeat defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss.

*Conclusion*

In his Findings and Recommendation, Judge Juba, without the benefit of the decisions in *Schnitzer* and *Lampros,* recommended compelled arbitration of claims arising under § 10(b) of the 1934 Act. However, the rule in this district, as stated in *Schnitzer* and followed in *Lampros,* controls. I do not adopt the Findings and Recommendation and hold that claims under the Securities and Exchange Act of 1934 are not arbitrable. Defendants' motion to compel arbitration is denied. I have also considered defendants' alternative motion to dismiss and deny that motion. Plaintiffs have alleged sufficient facts in their complaint to support a claim under both § 10(b) and RICO.