DELTA TRAFFIC SERVICE,
INC., Plaintiff,

v.

MARINE LUMBER CO., an Oregon
corporation, Defendant.

Civ. No. 86–1124DA.

United States District Court,
D. Oregon.

Oct. 23, 1987.

Dale H. Schofield, Portland, Or., former Atty./Custodian of Records, for plaintiff.

William N. Mehlhaf, Case, Dusterhoff & Mehlhaf, Portland, Or., for defendant.

## OPINION

MARSH, District Judge.

Magistrate Dale filed his Findings and Recommendation on May 21, 1987. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b). When either party objects to any portion of the Magistrate's Findings and Recommendations, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.,* 656 F.2d 1309, 1313 (9th Cir.1981) *cert. denied* 455 U.S. 920, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982).

Plaintiff has timely filed objections. Oral argument was heard June 18, 1987. I have given the file of this case a *de novo* review. I adopt the Findings and Recommendation of Magistrate Dale for the reasons that follow.

As the facts are succinctly stated in Magistrate Dale's Findings and Recommendation, I will not repeat them here. Since his well-reasoned opinion, there has been continued litigation in other jurisdictions over the issues at bar. Counsel for plaintiff and for defendant have kept me apprised of new rulings and have submitted letter briefs with further authorities.

I find the following agency decisions and court opinions to be particularly persuasive. In *Wakefern Food Corporation v. Southwest Freight Lines, Inc.,* No. MC–C–10991 Fed.Carr.Rep. (CCH) ¶ 37,350 (May 21, 1987) the Interstate Commerce Commission (hereinafter "ICC") explained in more detail their rationale for deciding to accept referrals on negotiated rates in *National Industrial Transportation League: Petition to Institute Rule–Making on Negotiated Motor Common Carrier Rates;* No. MC–177 Fed.Carr.Rep. (CCH) ¶ 37,345 (April 29, 1987). Specifically, the ICC stated that their unreasonable practice jurisdiction gave it discretion to make an initial determination upon referral from a court of whether the collection of undercharges constitutes an unreasonable practice. *Wakerfern,* Fed.Carr.Rep. (CCH) ¶ 37,350. Thus, the ICC could find that the tariff rate filed by a motor carrier need not and should not be applied in a particular case. *Id.*

In *Maislin Transport Ltd. v. House of Wines, Inc.,* No. 84–2431 Fed.Carr.Rep. (CCH) ¶ 83,316 (June 2, 1987) [Available on

WESTLAW, 1987 WL 12131], the facts are almost identical to the facts at bar. In that action the United States District Court for the District of Columbia invoked primary jurisdiction and referred the action to the ICC.

In *INF, Ltd. v. Spectro Alloys Corp.*, the United States District Court for the District of Minnesota referred the action to the ICC and noted that the ICC is more prepared than the courts to determine whether a negotiated rate practice is reasonable. *INF, Ltd. v. Spectro Alloys Corp.*, 651 F.Supp. 1405 (D.Minn.1987). The *Spectro* court went on to note that the underlying rationale for this practice was uniformity. *Id.* See also *In re Tobler Transfer*, 74 B.R. 373 (Bkrtcy.C.D.Ill.1987). *But see West Coast Truck Lines v. Kaiser Aluminum & Chemical*, No. C–87–0048MHP (N.D.Cal. July 29, 1987).

Plaintiff now recognizes that in light of the above cases the district court has the discretion to stay the proceeding and refer the action to the ICC. Plaintiff's Letter Brief, p. 3 September 8, 1987. Plaintiff urges the court to not exercise its discretion. However, I feel that, where an area of law is new, it is even more important that uniformity be sought. This is an instance of newness and of particular importance and one in which the doctrine of primary jurisdiction should be given effect. In light of the above cases, I grant defendant's motion to stay as discussed below.

Accordingly, I ADOPT the Findings and Recommendation of Magistrate Dale. This matter is referred to the ICC for an initial determination on the reasonability of the negotiated rate practice. This court retains exclusive jurisdiction to review the ICC proceeding. The case is stayed until an advisory opinion is issued by the ICC.