William F. HOLDNER, Petitioner,

v.

**OREGON DEPARTMENT OF AGRICULTURE,**
Respondent.

No. CV 09–979–AC.

United States District Court, D. Oregon.

Dec. 23, 2009.

William F. Holdner, Portland, OR, pro se.

Matthew J. Donohue, State of Oregon, Karen Locha Moynahan, Oregon Department of Justice, Salem, OR, for Respondent.

## OPINION AND ORDER

REDDEN, District Judge:

On November 12, 2009, Magistrate Judge John Acosta filed his Findings and Recommendation (doc. 14) that the court grant Respondent's Motion to Dismiss (doc. 3) for lack of subject matter jurisdiction, and enter an order of judgment dismissing Petitioner's complaint, without prejudice.

The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Civil Procedure 72(b) and 54(d)(2)(D). "The district court is not bound by the recommendations further evidence, or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). When either party timely objects to any portion of the magistrate's Findings and Recommendation, the district court must conduct a *de novo* review of those portions of the magistrate's report. 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b);

*McDonnell Douglas Corp. v. Commodore Bus. Machines,* 656 F.2d 1309, 1313 (9th Cir.1981), *cert. denied,* 455 U.S. 920, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982). The district court is not, however, required to review the factual and legal conclusions to which the parties do not object. *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).

Petitioner timely filed objections to Magistrate Judge Acosta's Findings and Recommendation. I have, therefore, given those portions of the Findings and Recommendation a *de novo* review. I agree with Magistrate Judge Acosta's analysis and conclusion. Accordingly, I ADOPT Magistrate Judge Acosta's Findings and Recommendation (doc. 14), and GRANT the State of Oregon's motion to dismiss the complaint (doc. 3), with leave to refile.

IT IS SO ORDERED.

## FINDINGS AND RECOMMENDATION

ACOSTA, United States Magistrate Judge:

### Introduction

Respondent Oregon Department of Agriculture ("the State") seeks to enforce state statutes concerning the discharge of pollutants from a concentrated animal feeding operation ("CAFO") owned by Petitioner William F. Holdner ("Holdner"). Holdner opposes the enforcement and has filed a request [1] with the court seeking to enjoin an enforcement action by the State. The State has moved, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), for dismissal of all claims on four grounds: (1) the Eleventh Amendment bars the claim because the State has sovereign immunity; (2) the court lacks federal subject matter jurisdiction because

no federal claim has been alleged; (3) the claims are time-barred; and (4) Holdner has not exhausted his state remedies. Holdner opposes the motion on the basis that the Oregon statutes sought to be enforced by the State are contrary to and superseded by federal law. The court concludes that the State's motion should be granted because the Eleventh Amendment bars this claim as currently pleaded.

### Factual Background

For purposes of this motion, factual allegations set forth in the complaint are taken as true. Holdner possesses a patent dated March 19, 1866, deeming him the owner of "the land and appurtances [sic] located at 30754 Dutch Canyon Road, Scappoose, Oregon which includes the water and water use rights." (Complaint ("Compl.") ¶ 1.) The original owners of this parcel were entitled to a patent because they established a farming operation and paid the requisite costs and fees. (Compl. ¶ 3.) The property has consistently been used for agricultural purposes, including over the last thirty-five years, during which time Holdner has owned the parcel. (Compl. ¶ 4.) In the 1970s, and in conjunction with the federal government, Holdner constructed a "[p]ollution [c]ontrol [s]ystem primarily to remove storm water that could become polluted from the [a]nimal [f]eeding [f]acility area to adjacent pasture land . . . ." (Compl. ¶ 5.) The complaint also states: "The [p]ollution [c]ontrol [s]ystem was designed, constructed, operated and maintained to contain waste water plus runoff from 25 year 24 hour rainfall event." (Compl. ¶ 10.)

Holdner has attached six exhibits to his opposition brief. Exhibit 1 is a notice of noncompliance with ORS 468B.025 from the State. The notice states that Hold-

---

**1.** Holder has titled his complaint as "Requests Enjoinment of Enforcement Action by Oregon Department of Agriculture and Feder-

al Jurisdiction." This document is hereinafter referred to as "the Complaint."

ner's Confined Animal Feeding Operation was "out of compliance with water quality and Confined Animal Feeding Operation (CAFO) statutes of Oregon. (ORS 468B.025, OAR 603–074, 340–045, and 340–051)[,]" and that he was "operating a CAFO that is defined as a Medium Federal ·CAFO (CRF 40.122)." (Petitioner's ("Pet.'s") Exhibit ("Ex.") 1 at 1.) Exhibit 2 summarizes a Second Circuit decision regarding CAFOs, which held in part that the EPA had "authority to regulate, through NPDES permits, the runoff to the waters of the U.S. containing manure that CAFOs have applied to crop fields." (Pet.'s Ex. 2 at 1.) Exhibit 3 is a portion of the Federal Register that addresses 40 CFR Parts 9, 122, and 412. Exhibit 4 appears to be the land patent issued to the original owners of Holdner's parcel of land. Exhibit 5 is a copy of the Supreme Court decision in *Summa Corp. v. California,* 466 U.S. 198, 104 S.Ct. 1751, 80 L.Ed.2d 237 (1984). Exhibit 6 is a hand-drawn diagram of Holdner's parcel of land.

The State attached eight exhibits to its memorandum in support of its motion. The exhibits comprise Notices of Noncompliance, Notices of Civil Penalty, an Order of Consolidation, and a hearing notice. The exhibits set forth the following facts. On March 9, 2007, the State issued a Notice of Noncompliance, # 078441, to Holdner. The notice advised him that an appeal must be filed within sixty days of the date of the notice, pursuant to ORS 183.484(2). On December 12, 2008, the State issued a Notice of Civil Penalty, # 087995, which also noted that a contested case hearing was scheduled for January 13, 2009. On February 10, 2009, the State issued another Notice of Noncompliance, # 810404. On June 3, 2009, the State issued a Notice of Civil Penalty, # 0910815, which informed Holdner that he could request a hearing within twenty days. It also advised that if such hearing was not requested, the notice would then become a final order, and Holdner could appeal that order within sixty days. On June 15, 2009, the State issued a third Notice of Noncompliance, # 0910842. On June 18, 2009, Holdner requested a hearing to address the two June 2009 notices. On June 23, 2009, the two Notices of Civil Penalty were consolidated for hearing and a hearing was set for August 27, 2009. On August 20, 2009, Holdner filed this action in federal district court.

*Legal Standard*

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court." *Ahmed v. Scharfen,* No. C 08–1680 MHP, 2009 WL 55939, at *3 (N.D.Cal. Jan. 7, 2009) (citing *Savage v. Glendale Union High Sch. Dist. No. 205,* 343 F.3d 1036, 1039–40 (9th Cir.2003)). This challenge to jurisdiction may be either facial or factual, depending on whether the motion relies only on the allegations in the complaint or if it relies on evidence extrinsic to the complaint as well. *See Savage,* 343 F.3d at 1039 ("In evaluating the Rule 12(b)(1) motion to dismiss, the district court considered affidavits furnished by both parties. This is proper because Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." (citation omitted)). Where the challenge is factual, the court "need not" presume true the allegations contained in the complaint. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir.2000). The party asserting jurisdiction bears the burden of establishing that it exists in a given case. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182–183, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

### Discussion

■■■ "The Eleventh Amendment of the United States Constitution prohibits federal courts from hearing suits brought by private citizens against state governments, without the state's consent." *Natural Resources Defense Council v. California DOT (NRDC)*, 96 F.3d 420, 421 (9th Cir.1996) (citing *Hans v. Louisiana*, 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890)). This protection does not extend to state officers, on the theory that "a state can not authorize a state officer to violate the Constitution and laws of the United States." *NRDC* at 422. This exception was set forth by the Supreme Court in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Relief under this section, however, is limited to an award of "prospective injunctive relief that governs the official's future conduct, but [the court] may not award retroactive relief that requires the payment of funds from the state treasury." *NRDC* at 422 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan*, 415 U.S. 651, 667–669, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)).

In his complaint, Holdner specifically references the Homestead Act of 1862 and cases decided by the Supreme Court and the Second Circuit Court of Appeals, arguing that the State may not act contrary to the mandate of the federal government. Therefore, Holdner argues, enforcement of state administrative laws must be enjoined because federal law is supreme. The State argues that the claims are barred under the Eleventh Amendment and that the Homestead Act of 1862 in no way abrogates this immunity. Accordingly, the State maintains, there is no basis upon which Holdner can avoid the State's Eleventh Amendment immunity and the action must be dismissed.

In *NRDC*, the Ninth Circuit dismissed a suit against a state agency as barred by Eleventh Amendment immunity. The court wrote: "In the current case, the district court scrupulously followed the dictates of the Supreme Court's Eleventh Amendment cases. The court dismissed all claims against Caltrans because it is a California state agency which is entitled to immunity from suit." *Id.* at 423. The court affirmed the lower court's decision not to dismiss the claims against an individual state official, to the extent they provided for only prospective injunctive relief against said official. Here, Holdner alleges his claim against a state agency, the Oregon Department of Agriculture.

■■■ At oral argument, Holdner submitted additional exhibits, among them a "Memorandum of Understanding," between the Environmental Quality Commission and the Oregon Department of Agriculture. (Pet.'s Ex. H.) Holdner argued that the Oregon Department of Agriculture was in violation of this agreement and, by acting outside of its authority, the state is no longer entitled to sovereign immunity. The State responded that it would have had to explicitly and affirmatively waive its entitlement to sovereign immunity and that the memorandum is insufficient to demonstrate such a waiver. The Supreme Court wrote in *Pennhurst State:* "A sovereign's immunity may be waived, and the Court consistently has held that a State may consent to suit against it in federal court. We have insisted, however, that the State's consent be unequivocally expressed." 465 U.S. at 99, 104 S.Ct. 900. The State is correct that the memorandum does not amount to an unequivocal expression of waiver. Accordingly, Holdner's argument fails.

■■■ Holdner cites *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) and *Ex parte Young*, 209 U.S. 123,

173–74, 28 S.Ct. 441, 52 L.Ed. 714 (1908), for the proposition that a state may be sued when state law is in conflict with federal law and a state official maybe prevented from taking an action contrary to federal law. In *Scheuer,* the Court referenced the holding in *Ex parte Young* which stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he 'comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.'" *Scheuer,* 416 U.S. at 237, 94 S.Ct. 1683 (quoting *Ex parte Young,* 209 U.S. at 159–160, 28 S.Ct. 441). The defendants in Scheuer, however, were state officials and were thus subject to the exception set forth in *Ex parte Young.* Here, the defendant is a state agency, which is not subject to that exception and retains immunity from suit under the Eleventh Amendment. For this reason, Holdner's claim should be dismissed for lack of subject matter jurisdiction, without prejudice.

### Conclusion

For the reasons stated, the State's motion to dismiss (# 3) should be granted, with leave to replead, as Holdner's claims are barred by Eleventh Amendment immunity.

### Scheduling Order

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due November 26, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.