Marie Assunta **FRAGALE**, Plaintiff,

v.

William **ROGERS**, individually, and as Attorney General of the United States, Defendant.

Civ. No. 18685.

United States District Court
E. D. New York.

July 24, 1959.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Irwin J. Harrison, Asst. U. S. Atty., Great Neck, N. J., for the motion.

Philip Ciaccia, Brooklyn, N. Y., for plaintiff, in opposition.

RAYFIEL, District Judge.

This is a motion under Rule 12(b) (1) and (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint herein on the grounds (a) that the Court lacks jurisdiction over the subject matter, and (b) that the complaint fails to state a claim upon which relief can be granted.

The plaintiff, a native of Canada, became a naturalized citizen of the United States on August 12, 1947. On or about February 25, 1957, while in Canada, she requested admission into the United States as a citizen thereof. Her request was denied on the ground that she had divested herself of her citizenship because of her prolonged residence in Canada. The matter was referred to a Special Inquiry Officer of the Department of Justice and a hearing was held before him on or about March 4, 1957, in an exclusion proceeding involving the plaintiff. As a result thereof she was barred from returning to the United States as a citizen, but was admitted as a visitor for pleasure for a period of three months.

Thereafter she commenced this action under § 1503(a) of Title 8 U.S.C.A. for a judgment declaring her to be a national of the United States.

The Government contends that the action is barred because of the following provision of § 1503(a), supra, "except that no such action (for a judgment declaring her to be a national of the United States) may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any exclusion proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such exclusion proceeding. An action under this subsection may be instituted only within five years after the *final administrative* denial of such right or privilege." (Matter in parenthesis and italics added).

The Government urges that since the plaintiff did not appeal, as she had a right to do under § 1226(b) of Title 8 U.S.C.A. from the decision of the Special Inquiry Officer, she has not exhausted her administrative remedies, which she is required under § 1503, supra, to do.

I agree with the Government's position. § 1503(a) is clear and explicit in its language, and, since the plaintiff has *not* exhausted her administrative remedies by taking an appeal, this action is premature. The motion is granted and the complaint is dismissed without prejudice.

However, § 1226(b) of Title 8 requires the Special Inquiry Officer to advise the alien of her right to take an appeal from his decision. A reading of the record of the hearing before said Officer reveals that no such advice was given to the plaintiff herein. It appears to me, therefore, that the Government cannot now raise the question of the timeliness of her appeal pursuant to § 236.15 of the Code of Federal Regulations, which requires her to state her desire to appeal *immediately* following the oral decision of the Special Inquiry Officer. The plaintiff should be permitted to perfect her appeal and exhaust her administrative remedies.

Settle order on notice.