Interim Decision #1472

MATTER OF HUANG

In Section 245 Proceedings

A-13974856
A-13974858

*Decided by Regional Commissioner May 27, 1965*

Applicants, aliens who were born in the United States under diplomatic status, who have never departed from this country, and who would be eligible for the issuance of nonquota immigrant visas if abroad, are deemed to be lawful permanent residents of the United States; therefore, their applications for adjustment of status pursuant to section 245, Immigration and Nationality Act, as amended, are denied.

The applications were denied by the District Director, Baltimore, Maryland, on the ground that applicants were not inspected and admitted or paroled into the United States as required by section 245 of the Act. We have taken jurisdiction by way of certification as provided by 8 CFR 103.4 to resolve the question as to whether applicants may be considered lawful permanent residents of the United States.

Ann Lillian Huang and Byron Dean Huang were born in Washington, D.C., on March 10, 1952, and December 15, 1953, respectively. At the time of their birth their father was a duly accredited diplomatic representative of the Republic of China assigned to the Chinese Embassy, Washington, D.C. Applicants' mother, a native and former citizen of China, became a permanent resident of the United States pursuant to section 6 of the Refugee Relief Act of 1953. On October 5, 1959, she was naturalized as a citizen of this country. Her petitions to classify applicants and their father as nonquota immigrants were approved June 29, 1964. The father was granted status as a permanent resident under section 245 of the Act as of August 13, 1964, and is now engaged in private business.

It is settled that the applicants who were born in the United States did not acquire citizenship under the Fourteenth Amendment to the United States Constitution as they were not born subject to

190

the jurisdiction of the United States. *United States* v. *Wong Kim Ark*, 169 U.S. 649. They have never departed the United States and now desire to become citizens of this country and remain here permanently. If they are considered to be lawful permanent residents of the United States, they may immediately proceed towards naturalization.

A similar case was the subject of an opinion dated December 10, 1946, by the General Counsel of the Service who concluded "that a person who is an alien because he was born in the United States under diplomatic status and who has continued to reside in this country, may be considered as lawfully admitted to the United States with respect to deriving citizenship through a parent or parents and also so far as concerns section 701 of the Nationality Act of 1940." Section 701 of the Nationality Act of 1940 provided for the naturalization of persons who served honorably in the military or naval services in the United States and who had been lawfully admitted to the United States.

The General Counsel reasoned that it would be absurd and a vain thing to require aliens who are born in the United States and have never left this country to depart and be readmitted simply to effect a lawful admission. He pointed out that aliens in this category, never having been out of the United States, are not subject to deportation under the immigration laws, as the deportation provisions of those laws relate only to aliens who have entered the United States. Although the Nationality Act of 1940 has been repealed, the reasons underlying the General Counsel's opinion are applicable here. The applicants have grown up as a part of our American population. They are not amenable to deportation. Their parents no longer have diplomatic status and in fact, as stated above, one parent is a United States citizen and the other a permanent resident. It is also noted that during minority the domicile of the child is that of the domicile of the parents. 19 C. J. 411: *Yarborough* v. *Yarborough*, 290 U.S. 202, 90 ALR 924.

We are not aware of any administrative or judicial decisions under the Immigration and Nationality Act which would preclude a finding that these applicants are lawful permanent residents of the United States. It has been established that, if they were outside this country, they would be eligible for issuance to them of immigrant visas and for admission as permanent residents.

Accordingly, in light of the foregoing, and after careful consideration of all the evidence before us, we conclude the applicants may

be considered to be lawful permanent residents of the United States. For this reason we shall concur with the decision of the District Director, Baltimore, Maryland, and enter the following order.

ORDER: It is ordered that the applications be denied.

*It is further ordered* that applicants be considered to be lawful permanent residents of the United States.