## MATTER OF CHU

### In Section 249 Proceedings

### A-17528669

*Decided by Regional Commissioner December 5, 1972*

Where Service action to adjust an alien's status to that of a nonimmigrant pursuant to the provisions of section 247 of the Immigration and Nationality Act failed to adhere to the substantive provisions of the governing regulation (8 CFR 247.11), thereby constituting a denial of due process, the section 247 action was null and void. Hence, the alien's subsequent application for the creation of a record of lawful admission for permanent residence under section 249 of the Act is denied on the basis he is a lawful permanent resident of the United States notwithstanding the prior section 247 action.

This matter is before the Regional Commissioner on certification as provided by 8 CFR 103.4 for review of the District Director's decision denying the application for status as a permanent resident under section 249 of the Immigration and Nationality Act, as amended.

Insofar as pertinent to the present application, section 249 provides for the creation of a record of lawful admission for permanent residence in the case of an alien who establishes that he (a) entered the United States prior to June 30, 1948, (b) has had his residence in the United States continuously since such entry, (c) is a person of good moral character, and (d) is not ineligible to citizenship.

The applicant is a 26 year-old unmarried citizen of China born in Washington, D. C. on November 23, 1946 while his father, Kuang-Che Chu, was assigned to the Embassy of China in Washington in a diplomatic status (attache) which exempted him and members of his family from the jurisdiction of the United States. Thus the applicant was born not subject to the jurisdiction of the United States and therefore did not derive United States citizenship under the Fourteenth Amendment to the Constitution. (See *United States* v. *Wong Kim Ark,* 169 U.S. 649.) He has never departed from the United States.

The District Director denied the application because he found that the applicant already had the status of a lawful permanent resident alien by virtue of his birth in the United States. (*Matter of Huang,* 11 I. & N. Dec. 190.)

The applicant's mother is a staff member of the United Nations holding the post of calligrapher in the Office of Conference Services. In March of 1967 this Service received a routine request from the United Nations for a change of status for Mrs. Chu to that of a staff member of the United Nations under section 101(a)(15)(G)(iv) of the Immigration and Nationality Act. This request was routinely granted and a new temporary entry record (Form I-94) was issued. (Mr. Chu, the applicant's father, at that time was employed by the Chinese Government Procurement and Service Mission at New York and entitled to nonimmigrant status under section 101(a)(15)(A) of the Act.)

Because the applicant had previously been listed in the passport of his mother and had by then been issued a passport of his own, in May of 1967 the United Nations forwarded to this Service the applicant's passport requesting that he be granted "G-4" status as a member of Mrs. Chu's household. He was then twenty years of age. The Service also routinely granted this request and issued a temporary entry record (Form I-94) showing a change to "G-4" status for the duration of such status, apparently not realizing that the applicant was entitled to status as a permanent resident of the United States. This action ostensibly resulted in a change of status from that of a permanent resident to that of a nonimmigrant as provided for in section 247 of the Immigration and Nationality Act.

Section 247 provides as follows:

(a) The status of an alien lawfully admitted for permanent residence shall be adjusted by the Attorney General, under such regulations as he may prescribe, to that of a nonimmigrant under paragraph (15)(A), (15)(E), or (15)(G) of section 101(a), if such alien had at the time of entry or subsequently acquires an occupational status which would, if he were seeking admission to the United States, entitle him to a nonimmigrant status under such sections. As of the date of the Attorney General's order making such adjustment of status, the Attorney General shall cancel the record of the alien's admission for permanent residence, and the immigrant status of such alien shall thereby be terminated.

(b) The adjustment of status required by subsection (a) shall not be applicable in the case of any alien who requests that he be permitted to retain his status as an immigrant and who, in such form as the Attorney General may require, executes and files with the Attorney General a written waiver of all rights, privileges, exemptions, and immunities under any law or any executive order which would otherwise accrue to him because of the acquisition of an occupational status entitling him to a nonimmigrant status under paragraph (15)(A), (15)(E), or (15)(G) of section 101(a).

In the regulations prescribed by the Attorney General for administering section 247 of the Act, 8 CFR 247.11 reads, insofar as here pertinent:

*Notice.* If it appears to a district director that an alien residing in his district, who was lawfully admitted for permanent residence, has an occupational status

242

described in section 247 of the Act, he shall cause a notice on Form I-509 to be served on such alien by personal service informing him that it is proposed to adjust his status, unless the alien requests that he be permitted to retain his status as a resident alien and executes and files with such district director a Form I-508 (Waiver of Rights, Privileges, Exemptions, and Immunities)* * * *, within 10 days after service of the notice, or the alien, within such 10-day period, files with the district director a written answer under oath setting forth reasons why his status should not be adjusted. The notice shall also advise the person that he may, * * * * within such period and upon his request have an opportunity to appear in person, in support or in lieu of his written answer, before an immigration officer designated for that purpose * * * *.

In acting to adjust the status of the applicant in 1967 to that of a nonimmigrant under section 101(a)(15)(G)(iv) of the Act, the Service did not place the applicant or his guardian (the applicant being then a minor) on notice of its intention to take the action. Neither was afforded an opportunity to object to the proposed change of status and offer representations why such action should not be taken. They were not afforded the opportunity to file a Form I-508 (Waiver of Rights, Privileges, Exemptions, and Immunities). Clearly, the Service failed to adhere to its own published regulations when it purportedly changed the applicant's status.

Numerous court decisions have held that failure of the Service to adhere to published regulations may deny due process of law. (Bridges v. Wixon, 326 U.S. 135, 65 S. Ct. 1443, 89 L. Ed. 2103 (1945); Accardi v. Shaughnessy, 347 U.S. 260, 74 S. Ct. 499, 98 L. Ed. 681 (1954); Service v. Dulles, 354 U.S. 363, 77 S. Ct. 1152, 1 L. Ed. 2d 1403 (1957); Fragale v. Rogers, 175 F. Supp. 658 (1959)).

The District Director has decided that the nature of the action taken in 1967 to adjust the applicant's status was a substantive violation of published Service regulations resulting in a denial of due process of law and therefore null and void. Further, he has concluded that the applicant has never lost his status derived at birth as a lawful permanent resident alien. We concur with these conclusions and agree that under the circumstances the application must be denied.

When afforded the opportunity to do so on December 28, 1971, the applicant executed and filed a Form I-508 (Waiver of Rights, Privileges, Exemptions and Immunities) indicating his desire to retain the status of a lawful permanent resident. Additionally, on August 24, 1972 he filed an Application to File Petition for Naturalization which is currently pending.

It is ordered that the application for creation of a record of lawful permanent residence be denied.

It is further ordered that the applicant be considered to be a lawful permanent resident of the United States from the date of his birth on November 23, 1946.

243