Hamid **ARZANIPOUR**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 88–4565
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1989.

Rehearing Denied March 7, 1989.

---

George J. Prappas, Robert L. Steinberg, Prappas & Darlow, Houston, Tex., for petitioner.

Richard Thornburgh, Atty. Gen., Dept. of Justice, Alice M. Smith, Richard M. Evans, David J. Kline, Charles E. Pazar, Robert L. Bombough, Dir., Office of Immigration Lit., Civ. Div., Washington, D.C., John B.Z. Caplinger, Dist. Dir., New Orleans, La., Ronald G. Parra, Dist. Dir., Houston, Tex., for respondent.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

In August 1986 the petitioner was arrested and charged with entering the United States without inspection. At that time the petitioner was given notice that he would be required to appear for a hearing at "a time and place to be set." In June 1987 the government sent a notice to the petitioner to appear for a hearing on June 25, 1987. This notice was sent to the petitioner's brother's address in Houston, Texas. This was the address given by the petitioner at the time of his arrest as his intended residence. The petitioner failed to appear at the hearing. The government sent a second notice to the petitioner in July 1987, instructing him to appear at a hearing on August 10, 1987. This notice was also sent to the petitioner's brother's address. The petitioner again failed to appear at the hearing.

On August 10, 1987, the Immigration Judge held a hearing in absentia and ordered the petitioner deported. In December 1987 the petitioner filed a motion to reopen the hearing and a motion for change of venue. In a written opinion dat-

ed March 1, 1988, the Immigration Judge denied the petitioner's application to reopen the case. The petitioner sent a notice of appeal on March 22, 1988. The petitioner was given until June 27, 1988 to submit a brief in support of his appeal. On July 28, 1988, the BIA summarily dismissed the petitioner's appeal as untimely.

The petitioner contends that the Board of Immigration Appeals (BIA) erred in summarily dismissing his appeal. The basis for the petitioner's contention is three-fold. First, he argues that the BIA lacks statutory or regulatory authority to summarily dismiss an appeal on the grounds of untimely filing. Second, he argues that the Code of Federal Regulations does not set out specific time limits within which appeals to the BIA must be filed and therefore the BIA's decision is void as baseless. Finally, he argues that the decision to dismiss the appeal as untimely is void because he was not notified of his right to appeal as required by regulation.

■ The petitioner's argument that the BIA lacked the authority to dismiss the appeal as untimely is without merit. 8 C.F.R. § 3.1(1-a) authorizes the BIA to "dismiss any appeal in any case in which (i) the party concerned fails to specify the reason for his appeal, (ii) the only reason ... for his appeal involves a finding of fact or conclusion of law which was conceded by him at the ... hearing, (iii) the appeal is from an order which granted the party concerned the relief which he requested, or (iv) the board is satisfied, ..., that the appeal is frivolous...." According to the petitioner this subsection of 8 C.F.R. § 3.1 provides an exhaustive list of the types of cases which the BIA may summarily dismiss. The petitioner further argues that his appeal did not involve one of these types of cases and therefore should not have been summarily dismissed.

There are two flaws in the petitioner's argument. First, contrary to the petitioner's assertion, his case is one of the types of cases which may be dismissed under the authority of § 3.1(1-9). Subsection (iv) of this section permits the BIA to summarily dismiss appeals which are frivolous. An

appeal which has not been filed in a timely fashion and therefore cannot succeed can be considered to be a frivolous appeal. The BIA could have dismissed the petitioner's appeal under the authority of this subsection. Further, 8 C.F.R. § 3.1(d) confers on the board "such discretion and authority as is appropriate and necessary for the disposition of the case." The authority to dismiss untimely appeals is necessary for the disposition of such cases. Therefore even if the BIA did not have the authority to dismiss the appeal pursuant to 8 C.F.R. § 3.1(a-1), it clearly had the authority to dismiss the appeal pursuant to 8 C.F.R. § 3.1(d).

■ The petitioner's argument that the C.F.R. does not provide specific deadlines for filing appeals with the BIA is similarly wihout merit. In its decision dismissing the petitioner's appeal the BIA cited the filing requirements of 8 C.F.R. §§ 3.3 and 3.36 as the source of the time requirements. Section 3.3(a) states, in relevant part "An appeal shall be taken by filing notice of appeal Form I-290A ... within the time specified in the governing sections of this chapter." Section 3.36 states, in relevant part, "[T]he notice of appeal ... shall be filed ... within ten (10) calendar days after service of the decision. Time will be 13 days if mailed." These sections clearly set forth time deadlines for filing appeals. There is, therefore, no merit to the petitioner's argument that the BIA's decision to dismiss the appeal as untimely is void as baseless.

The petitioner's third argument is that the decision to dismiss his appeal as untimely is void because he was not notified of his right to appeal as required by regulation. This argument can be divided into two parts. First, the petitioner contends that the appeal in this case should not be considered untimely because of the conduct of the Immigration Judge in failing to notify the petitioner of his right to appeal. In support of this argument the petitioner cites *Hernandez–Rivera v. Immigration & Naturalization*, 630 F.2d 1352 (9th Cir. 1980). In *Hernandez–Rivera*, the Ninth Circuit held that "where there has been

official misleading as to the time within which to file a notice of appeal, the late notice may be deemed to have been constructively filed within the jurisdictional time limits." *Id.* at 1355 (citations omitted).

█ The petitioner in this case argues that the Immigration Judge's failure to notify him of his right to appeal was official "misleading ... by ... gross-omission" such that, under the rule of *Hernandez–Rivera,* his appeal should be deemed to have been timely filed. In those cases in which the courts have deemed late filed appeals to have been constructively filed with the proper time limits due to official misleading as to time limits, the misleading has consisted of some affirmative conduct on the part of the judiciary. *See e.g. Hernandez–Rivera supra* (Immigration Judge professed to grant extension for appeal despite the lack of authority to do so.); *Motteler v. J.A. Jones Construction Company,* 447 F.2d 954 (7th Cir.1971) (district court erroneously extended time within which plaintiff could file motion to reconsider then dismissed motion as untimely after the time to appeal the initial judgment had run); and *Matter of Estate of Butler's Tire & Battery Co., Inc.,* 592 F.2d 1028 (9th Cir.1979) (bankruptcy court calendared hearing on creditor's motion for request for extension of time to file an appeal after time for appeal had run.) In the present case the petitioner would have us hold that official inaction can constitute the type of official misleading on which the *Hernandez–Rivera* rule is based. This we are unwilling to do. The rule of *Hernandez–Rivera* is and should be limited to those unique circumstances in which, by affirmative conduct, a petitioner is misled as to the proper time limits within which to file an appeal. No such affirmative conduct is present in this case. Therefore the petitioner's appeal should not be deemed timely filed on the basis of official misleading.

█ The petitioner also argues that the decision to dismiss his appeal as untimely is void because the Immigration Judge's failure to notify him of his appeal rights, as required by agency regulation, violated his constitutional due process rights. 8 C.F.R. § 3.3(a) states that "a person affected by a decision who is entitled to appeal ... shall be given notice of his ... right to appeal." Failure to adhere to regulations can constitute a denial of due process of law. *See Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954) and *Bridges v. Wixon,* 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103 (1945). The failure of an agency to follow its own regulations is not, however, a per se denial of due process unless the regulation is required by the constitution or a statute.

█ In this case the agency regulation is not required by statute. The petitioner alleges, however, that the notice required by 8 C.F.R. § 3.3 is "a material right the withholding of which has been held to be a denial of due process of law." In support of this allegation the petitioner cites *Fragale v. Rogers,* 175 F.Supp. 658 (E.D.N.Y. 1959). The petitioner's reliance on this case is misplaced. In *Fragale* the petitioner's right to notice of her right to appeal was required by statute, not merely a regulation. In this case the requirement that the Immigration Judge inform the petitioner of his right to appeal is not required by a statute.

Further, the petitioner in fact learned of his right to appeal apparently before the time to appeal or request an extension within which to file an appeal had passed. The prejudice to the petitioner, therefore, resulted from his lack of knowledge regarding the time within which an appeal could be taken, not his lack of knowledge regarding his right to appeal. C.F.R. § 3.3(a) requires that the Immigration Judge inform a party of his right to appeal, not the time within which an appeal can be taken. Therefore, the Immigration Judge's failure to comply with this regulation did not result in substantial prejudice to the petitioner. Consequently the petitioner's due process rights were not violated by the Immigration Judge's failure to comply with this regulation.

The order of the BIA dismissing petitioner's appeal is AFFIRMED.