United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60536
Summary Calendar

GUSTAVO DONATTI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79-002-001
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gustavo Donatti, a native and citizen of Argentina, appeals the reversal by the Board of Immigration Appeals (BIA) of an immigration judge's grant of cancellation of removal. This court lacks jurisdiction to review the Attorney General's discretionary decision regarding cancellation of removal. See Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir. 2004); 8 U.S.C. § 1229b(b); 8 U.S.C. § 1252(a)(2)(B)(i).

Although this court has jurisdiction to review Donatti's constitutional argument that his due process rights were violated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because a three-member panel decided his appeal, <u>see</u> <u>Balogun v. Ashcroft</u>, 270 F.3d 274, 277-78 & 278 n.11 (5th Cir. 2001), his argument is unavailing. Assuming for the sake of argument that the BIA did not comply with 8 C.F.R. § 1003.1(e)(6), the failure of an agency to follow its own regulations is not a per se denial of due process unless the regulation is required by the constitution or a statute. <u>See</u> <u>Arzanipour v. INS</u>, 866 F.2d 743, 746 (5th Cir. 1999). The BIA's regulation governing three-member panels is not required by statute. Nor does the constitution require compliance with § 1003.1(e)(6). <u>See</u> <u>Manzano-Garcia v. Gonzales</u>, 413 F.3d 462, 470 (5th Cir. 2005).

Donatti's argument that his due process rights were violated when the BIA did not give what he terms "any deference" to the immigration judge's decision is in essence a challenge to the merits of the BIA's reversal of the immigration judge's grant of cancellation of removal, which this court lacks jurisdiction to review. <u>See</u> <u>Rueda</u>, 380 F.3d at 831.

Accordingly, Donatti's petition for review is DENIED.