John S. & Margaret D. **KOPUNEK**, Plaintiffs,

v.

**DIRECTOR OF INTERNAL REVENUE** and Jerome Kurtz, Regional Commissioner, Defendants.

No. 80 Civ. 761.

United States District Court, S. D. New York.

Sept. 30, 1981.

---

John S. Kopunek, pro se.

John S. Martin, Jr., U. S. Atty., for the Southern District of New York, New York City by William J. Brennan, Asst. U. S. Atty., New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

PIERCE, District Judge.

Plaintiffs, John S. and Margaret D. Kopunek, commenced this *pro se* action against the Director of the Internal Revenue Service ("IRS") and its Regional Commissioner, Jerome Kurtz, on February 7, 1980. The Kopuneks sought recovery of an alleged overpayment of federal income taxes for the calendar year 1974. Their principal claims were that pension income should not be taxable, that the audit process was inequitable, and that the federal tax system is unconstitutional. The complaint also alleged continuing harassment of the Kopuneks by the IRS in the course of its collection of plaintiffs' taxes since 1973.

On December 8, 1980 defendants moved for summary judgment pursuant to Fed.R. Civ.P. 56. In a Memorandum Opinion dated March 31, 1981 this Court granted summary judgment to the defendants on plaintiffs' challenge to the constitutionality of the Internal Revenue Code and their claim

for a tax refund in 1974. The Court noted that "[t]he sole issue remaining is plaintiffs' claim that they have been harassed by the IRS since 1973." Since no defendant had raised the issue, the Court expressly left open the issue of whether the averment of harassment states a complaint of constitutional proportion as alleged by plaintiffs. The defendants now move to dismiss the harassment charges on the grounds that plaintiffs have failed to allege any claim of constitutional proportion, that the Court has no jurisdiction to hear the matter and that the plaintiffs' claims are frivolous. For the reasons set forth hereinbelow, the defendants' motion to dismiss is granted.

Plaintiffs' allegations of unconstitutional harassment are essentially three-fold. First, plaintiffs contend that the investigation and audit of their tax returns violated due process since it was not commenced on probable cause grounds but rather because the IRS thought their deductions were too high. Plaintiffs also allege that the administrative handling of their case by the IRS was constitutionally infirm. Specifically, the plaintiffs claim that the IRS delayed determining whether to grant their request for a district conference to challenge the unconstitutionality of the IRS provisions. At the end of this delay of approximately two years the IRS did not provide such a hearing. The plaintiffs contend that they were therefore denied an effective opportunity to be heard. Plaintiffs were, however, granted an IRS appellate hearing on March 19, 1979, in which their application for a refund was denied. The third aspect of their allegation of unconstitutional conduct is plaintiffs' contention that the IRS is threatening and harassing them with letters and telephone calls which they aver are part of an IRS conspiracy against them. The plaintiff vividly portrays the conspiracy:

"For nine years I have been held hostage in my own home, in my own Country while the IRS slowly but ruthlessly put the screws to me on the rack of its tax system. They purposely drag out their tortureous [sic] procedures, relentlessly hounding their computor [sic] selected victim until they break him in body, mind and spirit. (Plaintiffs' Submission of April 17, 1981.)

*Subject Matter Jurisdiction*

The government contends that the Director of IRS and the Regional Commissioner, as government officials, are immune from suit under the doctrine of sovereign immunity. It is clear that the United States and its officials are immune from suit unless it specifically consents to be sued. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). The waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1345, 1352, 63 L.Ed.2d 607 (1980). The Federal Tort Claims Act (28 U.S.C. § 2671–2680) represents the waiver of sovereign immunity which is apparently applicable to the plaintiffs' claims that the defendants' harassment damaged their health, marriage and family. Yet, specifically excluded from the Act's provision is "[a]ny claim arising in respect of the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c). Since the claims herein clearly appear to fall within one of the statutory exceptions of the Tort Claims Act, the district court lacks subject matter jurisdiction over them. *Birnbaum v. United States*, 588 F.2d 319, 322 (2d Cir. 1978); *Estate of Watson v. Blumenthal*, 586 F.2d 925, 929 (2d Cir. 1978).

*Constitutional Claims*

Similarly, the plaintiffs' complaint fails to state a cause of action for deprivation of constitutional rights. *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The claim that the IRS must have probable cause to constitutionally audit a taxpayer's return is not supported by case law. It is well settled that the IRS "can investigate merely on suspicion that the law is being violated or even because it wants assurance that it is not." *United States v. Powell*, 379

U.S. 48, 57, 85 S.Ct. 248, 254, 13 L.Ed.2d 112 (1964); *Foxman v. Renison*, 625 F.2d 429, 431 (2d Cir. 1980). The plaintiffs acknowledge that the IRS has audited their returns because the Service believed that the Kopuneks' deductions were too high. This justification amply satisfies the due process requirements of the Fifth Amendment. Moreover, if the plaintiffs' taxes are consistently understated, as may well be the case with the Kopuneks, the claim of selective audit has a hollow sound. *Id.*

Plaintiffs' contentions regarding the delay in considering the Kopunek's request for a District conference likewise fails to state a claim of constitutional proportion. The District conference was an improper forum in which to raise or adjudicate the constitutional issues. The IRS' failure to comply with its own procedures regarding the scheduling of a District conference on the issue of a refund does not constitute a due process violation. The procedures of the IRS are discretionary and do not have the force or effect of law. *Foxman v. Renison*, 625 F.2d 429, 432 (2d Cir. 1980). Accordingly, delay, as alleged herein, in granting plaintiffs an administrative hearing does not have constitutional ramifications.

Finally, the claims that the IRS is harassing plaintiffs with letter and telephone calls does not state a cause of action for deprivation of due process. The IRS has wide discretion in enforcing the provisions of the Internal Revenue Code. There has been no suggestion by plaintiffs that the agents exceeded the scope of their authority under the Act. Moreover, even if the agents had violated applicable agency regulations in this regard, it presents no constitutional questions in the context alleged. *United States v. Caceres*, 440 U.S. 741, 752, 99 S.Ct. 1465, 1472, 59 L.Ed.2d 733 (1979).

*Conclusion*

For the reasons set forth above, the defendants' motion to dismiss is hereby granted. The Clerk shall enter judgment for the defendants.

SO ORDERED.