Margaret A. CURLEY, Plaintiff,

v.

The UNITED STATES of
America, Defendant.

No. CV 89 1361 (ASC).

United States District Court,
E.D. New York.

March 25, 1992.

Robert F. Hermann, Hermann & Bateman, Westfield, N.J., for plaintiff Margaret Curley.

Eugene J. Rossi, Peter Sklarew, Trial Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant U.S.

## MEMORANDUM AND ORDER

CHREIN, United States Magistrate Judge.

By stipulation of the parties, this case is to be tried before the undersigned on April 6, 1992. At this juncture, plaintiff has moved to dismiss the tax assessment levied against her as invalid and void *ab initio;* or, in the alternative, to shift the burden of proof at trial to the United States.

## I. FACTUAL BACKGROUND

Plaintiff, Margaret Curley, is the seventy year old widow of Arthur Curley, Sr., who died on February 25, 1979. In the mid–1970's, Mr. Curley founded ARCO Advertising Service, Inc. (ARCO). ARCO was in the business of printing commercial advertising.

Upon her husband's death, Mrs. Curley became the majority shareholder in ARCO. Margaret Curley obtained 86% of the shares of ARCO stock. The remaining 14% of the shares was split evenly among the couple's seven children. The plaintiff alleges that both prior and subsequent to her husband's death, she played no active role in the operations and business of ARCO. However, Mrs. Curley was at one point designated as the president of the company. She later was replaced by her son, William Curley.

Pursuant to the requirements of § 6203 of the Internal Revenue Code an Internal Revenue Service ("IRS") assessment officer signed and filed a Summary Record of Assessments (Form 23–C) on April 9, 1986. This summary was based on ARCO's alleged failure to pay certain taxes. The plaintiff was also informed that she was being assessed a so-called "100% penalty" under Code § 6672 for the willful failure to collect, account for, and pay over to the United States, the withholding taxes or trust fund taxes of the employees of ARCO. This form identified: 1) the plaintiff by name 2) the plaintiff's social security number; 3) the plaintiff's address; 4) the name of the corporation; 5) the type of tax; 6) the amount of tax; and 7) the taxable period involved.

Plaintiff received a form letter from the IRS dated April 14, 1986. The letter was captioned "Final Notice" and stated that Mrs. Curley was being assessed $130,430.59 for the tax period ending September 30, 1985. Apparently, though, this figure actually represented an assessment for fourteen tax periods previous to and including the period ending on September 30, 1985. These periods included: the first, third, and fourth taxable quarters of 1981; the four quarters of 1982; the first, second, and fourth quarter of 1983; the first and second quarter of 1984; and the second and third quarters of 1985. This notice sent by the IRS, though, did not provide a period by period breakdown of the assessment.

The plaintiff asserts that prior to this "Final Notice" she had received no notice of the IRS's intention to assert a penalty against her.

On May 5, 1986, the IRS sent the plaintiff another letter stating that it proposed to assess a penalty against her for unpaid withholding taxes due from ARCO for the fourteen quarterly periods detailed in an attachment to the letter. In that attachment, the IRS provided plaintiff with the specified amounts due for the fourteen periods. The May 5, 1986 letter also advised the plaintiff of her right to appeal the proposed assessment. Mrs. Curley was in-

formed that if no such appeal was filed within 30 days, the assessment would be made.

Seventeen days later, on May 22, 1986, the IRS issued levies and on May 23, 1986 served plaintiff with notices of seizure for her properties at 645 and 659 Metropolitan Avenue.

Plaintiff filed an appeal of the proposed assessment on or about June 3, 1986. The IRS did not go forward with the sale of the properties at that time. The Appeals Office sustained the assessment on May 11, 1988.

Plaintiff requested a further hearing; however, on October 4, 1988, before any decision was rendered on the plaintiff's request, the IRS issued Mrs. Curley a final notice stating that it would levy her property unless the money allegedly due for the tax period ending September 30, 1985 was paid within 10 days.

This notice indicated that the balance of tax due was $103,439.59 (as opposed to the $130,439.59 mentioned in the IRS's initial letter) and there was an accumulated interest and penalty of $28,940.40 resulting in a total due and owing of $132,379.99. On November 21, 1988, the IRS, after receiving no payment from the plaintiff, seized the property at 659 Metropolitan Avenue. Plaintiff now seeks judicial review of the assessment, seizure, and procedure.

## II. DISCUSSION

The plaintiff, Mrs. Curley, attacks the validity of the tax assessment against her by asserting: 1) that the legal assessment document was defective and thus invalid; 2) that no adequate notice of the assessment was provided; and, 3) that the appeals process provided her was inadequate.

### A. VALIDITY OF THE LEGAL ASSESSMENT DOCUMENT

■ Plaintiff argues that the assessment should be dismissed because the legal assessment document, Form 23–C, contained technical defects and was not supported by documentation. It is well settled that the IRS's tax assessments are pre-

sumed to be correct and it is the taxpayer who must rebut this presumption. *See United States v. Schroeder*, 900 F.2d 1144, 1148 (7th Cir.1990) (hereinafter, *Schroeder*). Only in rare cases can this presumption can be overcome by destroying the assessment's foundation. *Id.* Generally, a court will not look behind an assessment "to evaluate the procedure and evidence used in making the assessment." *Ruth v. United States*, 823 F.2d 1091, 1094 (7th Cir.1987). As long as the procedures and evidence upon which the government relies to determine the assessment have a rational foundation, "the inquiry focusses on the merits of tax liability, not on the IRS procedures." *Id.; see also Oliver v. United States*, 921 F.2d 916, 920 (9th Cir.1990).

■ Where there are records, documents, and other foundational items upon which a correct determination of liability may be made, there is no need to void the assessment. *Schroeder*, 900 F.2d at 1149. Plaintiff claims that there are no such documents because the IRS destroyed part of its file on ARCO and, therefore, that the assessment is without any rational foundation. The IRS claims that this additional collection file was disposed of pursuant to normal IRS procedures unrelated to the commencement of this action.

Plaintiff has not shown that the assessment was entirely arbitrary. The government has produced its own investigative history sheets, affidavits of the revenue officers involved and various corporate checks. Additionally, it is undisputed that plaintiff was an 86% shareholder in ARCO and president of the corporation at one time. Therefore, it cannot be said that this assessment is wholly without rational foundation.

■ Treasury regulations require that the Form 23–C contain the taxpayer's name, social security number and address, the name of the corporation, the character of the liability assessed, the amount of tax, the taxable period involved, and the signature of a responsible officer. 26 C.F.R. 301.6203–1. Although the amount of tax listed on the Form 23–C was incorrect, this will not invalidate the assessment. For an

assessment to be void, it must be "arbitrary in the sense that the calculation has no support and the true amount of tax is incapable of being ascertained." *Schroeder*, 900 F.2d at 1149. Such is not the case here, as the incorrect figure was merely the result of a transpositional error.

Plaintiff also objects to the failure of the government to separately list the fourteen quarterly tax periods on the Form 23-C. Instead, the document reads, "tax period ending September 30, 1985." The government claims this is standard practice.

▉ Plaintiff relies heavily on *Brafman v. United States,* 384 F.2d 863 (5th Cir. 1967), where an assessment was invalidated due to the lack of a signature on the 23-C Form. This defect, however, was a significant violation of the regulation. It is not clear, though, that providing "tax period ending September 30, 1985" is insufficient to satisfy the identification of the tax period requirement under the statute. A signature requirement protects the taxpayer by ensuring that a responsible officer has approved the assessment. Separately listing each tax period, though, is less crucial, particularly where the tax periods are not at issue and plaintiff is otherwise notified as to the applicable periods.

Since there has been no showing that the assessment was arbitrary, without foundation, or so technically flawed as to amount to a violation of due process, the assessment's presumption of correctness will stand. For this reason, the Legal Assessment Document will be considered valid.

## B. INTERNAL REVENUE MANUAL

▉ Plaintiff relies heavily on the Internal Revenue Manual ("IRM") in her argument that the assessment is procedurally invalid. However, the IRM does not have the force and effect of law. *United States v. New York Telephone Co.,* 644 F.2d 953, 959 n. 10 (2d Cir.1981). Since the IRM is not law, any alleged failure to adhere to its provisions will not necessarily result in an invalid assessment. *See Foxman v. Renison,* 625 F.2d 429, 432 (2d Cir.1980), *cert. denied,* 449 U.S. 993, 101 S.Ct. 530, 66 L.Ed.2d 290 (1980), *reh. den.* 449 U.S. 1119,

101 S.Ct. 932, 66 L.Ed.2d 848 (1981); *Kopunek v. Director of Internal Revenue,* 528 F.Supp. 134, 137 (S.D.N.Y.1981).

▉ However, failure to adhere to agency regulations may amount to a denial of due process if the regulations are required by the constitution or a statute. *See Arzanipour v. Immigration & Naturalization Service,* 866 F.2d 743, 746 (5th Cir.1989), *cert. denied,* 493 U.S. 814, 110 S.Ct. 63, 107 L.Ed.2d 30 (1989). To invalidate an assessment, the government's action must also substantially prejudice the complaining party. *Calderon–Ontiveros v. Immigration & Naturalization Service,* 809 F.2d 1050 (5th Cir.1986). This is not the case in this matter.

## C. ADEQUACY OF NOTICE

▉ Plaintiff claims that notice of the assessment was inadequate because: 1) she did not timely receive a Notice of Proposed Assessment from the IRS, 2) the amount specified as due on the notice provided was different than what she was actually assessed, and 3) the notice provided only identified the tax period ending 9/30/85 as the subject of the assessment.

Providing the taxpayer with the Notice of the Proposed Assessment is required by the IRM only. As set forth above, the IRM is not law and thus any failure to adhere to its provisions does not in itself invalidate the assessment.

Even assuming that a "procedural" defect exists because the IRM provisions were not followed, the defect does not necessarily implicate a violation of due process. The Constitution requires notice before the taking of property. *Cleveland Bd. of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). There is no constitutional requirement that notice be provided more than once.

Plaintiff was clearly notified of the assessment by the April 14, 1986 letter. Hence, Mrs. Curley was apprised of the assessment prior to any seizure taking place. Further, the fact that a Notice of Proposed Assessment was not served prior to service of the Final Notice did not preju-

dice the plaintiff since she did receive adequate notice before seizure and had ample time to prepare an appeal.

The fact that the amount due on the notice was different than the actual assessment does not invalidate the assessment. Notices containing technical defects are invalid only if the taxpayer has been prejudiced or misled by the error. *Planned Invest., Inc. v. United States*, 881 F.2d 340, 344 (6th Cir.1989); *Sanderling, Inc. v. Commissioner*, 571 F.2d 174, 176 (3rd Cir. 1978). To the extent that any discrepancy in the amount owed is misleading, the plaintiff has failed to show that she suffered any prejudice because of this discrepancy.[1]

As to the time periods being assessed, there is no statutory requirement for the listing of tax periods in the notice sent to the taxpayer. Such a statutory requirement applies, if at all, only to the Form 23–C. However, it is unclear, as previously stated, that this requirement even applies to the Form 23–C statement.

Even if due process required such a listing, the IRS's failure to delineate the periods on the April 14, 1986 notice was subsequently cured by the second notice sent to plaintiff dated May 5, 1986. Therefore, Mrs. Curley was aware of the tax periods for which she was being assessed prior to her appeal.

In sum, the technical defects in the notice of assessment, if any, were inconsequential. Thus they did not rise to the level of a due process violation, and as a result they fail to invalidate the assessment.

### D.  INADEQUACY OF THE APPEAL PROCESS

■ The plaintiff was not accorded an administrative appeal prior to the seizure. Plaintiff alleges that under the IRM, a pre-seizure appeal is required. Although the IRS placed a lien on her property before

the 30 day appeal period had run, the IRS did not proceed with a sale before Mrs. Curley's appeal was heard. It appears that the IRM guidelines were not followed. However, as previously stated, the provisions of the IRM are not law and do not create any substantive rights in plaintiff.

The plaintiff argues that the procedural irregularities in this assessment amount to a denial of her due process rights. However, a post-deprivation hearing satisfies due process when revenue collection is at issue; hence, there is no right to a hearing prior to collection efforts. *Phillips v. Commissioner*, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); *Todd v. United States*, 849 F.2d 365 (9th Cir.1988). Plaintiff has failed to show how she was prejudiced by a post-deprivation appeal.

### E.  PRESUMPTION OF CORRECTNESS

■ Plaintiff requests that if the assessment is not dismissed as invalid per se, the government should bear the burden of proof on its claim at trial. In § 6672 penalty tax cases, the party against whom the penalty is assessed has the burden of proving that he is not a responsible officer or that he did not willfully fail to pay. *Schwinger v. United States*, 652 F.Supp. 464 (E.D.N.Y.1987).

As previously stated, the presumption of correctness can be overcome by destroying the foundation of the assessment only in rare cases where it is shown to be without rational foundation or arbitrary and erroneous. *United States v. Janis*, 428 U.S. 433, 441, 96 S.Ct. 3021, 3026, 49 L.Ed.2d 1046 (1976), *reh. den.*, 429 U.S. 874, 97 S.Ct. 196, 50 L.Ed.2d 158 (1976). For the reasons set forth in this opinion, plaintiff has not proven that this is one of those rare cases. As such, the burden at trial will remain fixed on the plaintiff to prove she was not a responsible officer of ARCO or did not willfully fail to pay the taxes in issue.

---

**1.** It should be noted that the Government is not pursuing a recovery of the $130,430.59 it considers to be the correct amount of the assessment. Rather, the Government has chosen only to seek the $103,430.59 appearing on the assessment.

This results in a situation where the plaintiff is claiming prejudice by being assessed $27,000.00 less than what the IRS considers as due and owing.

## III. CONCLUSION

For the foregoing reasons, the Internal Revenue Service's assessment is hereby presumed to be valid. The burden of proof at trial will remain with the plaintiff.

So Ordered.