Peter I. KOSTRIKIN; Elizabeth Kostrikin, Plaintiffs,

v.

UNITED STATES of America, Defendants.

No. F–99–6732 OWW LJO.

United States District Court, E.D. California.

May 31, 2000.

---

Peter Kostrikin, Fresno, CA, Pro se.

Elizabeth Kostrikin, Fresno, CA, Pro se.

Norma J. Schrock, U.S. Dept. of Justice Tax Division, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER RE: MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS RE: MOTIONS/PETITIONS TO QUASH IRS SUMMONSES AND FOR SUMMARY ENFORCEMENT OF IRS SUMMONSES

WANGER, District Judge.

Plaintiffs Peter I. Kostrikin and Elizabeth Kostrikin (the "Kostrikins"), filing pro se, move to quash four summonses issued by the Internal Revenue Service ("IRS"). The Kostrikins' first motion to quash, filed September 13, 1999, addressed three of the four summons.[1] *See* Motion to Quash (Doc. 1). These summonses were all issued in August 1999. *See* United States' Memorandum of Law in Opposition to Motion to Quash (Doc. 8), p. 2. The Kostrikins filed a second motion to quash October 25, 1999, regarding a fourth summons issued October 7, 1999. *See* Doc 1.[2] Defendant the United States of America ("Government") opposed these motions and moved for summary enforcement of them November 15, 1999 (the original motion) and December 13, 1999 (the second motion). *See* Doc. 7; Doc. 8, pp. 1–2; Doc. 12, pp. 1–2. Plaintiff did not file a reply. Hearing on the motions was held December 17, 1999.

The Magistrate Judge issued Findings and Recommendations ("F & R") recommending the motions to quash be denied and the motions for summary enforcement be granted. *See* F & R (Doc. 16). The parties were given ten (10) days to file written objections to the F & R. *See id.*, p. 7. The Kostrikins filed two sets of objections, one on January 10, 2000 (Doc. 17) and another January 14, 2000 (Doc. 18).

## I. *BACKGROUND*

The IRS and its Revenue Agent Arnold Guynn ("Agent Guynn") are investigating the Kostrikins' tax liabilities for 1996 and 1997, and the tax liabilities for the Elena Trust for those years. *See* F & R, p. 2. The Kostrikins are the grantors of this

---

1. The original motion to quash was filed September 13, 1999, but the original motion did not attach the disputed summonses. *See* Order Requiring Petitioners to Submit Copy of Disputed Summons (Doc. 2) *passim*. The Kostrikins failed to respond to this order and, on October 7, 1999, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Action for Failure to Comply with Court Order. *See* Doc. 4. On October 15, 1999, the Kostrikins filed a copy of the disputed Sum-monses. The Magistrate Judge discharged the Order to Show Cause October 22, 1999. *See* Doc. 6.

2. Both the initial motion to quash and the second motion to quash were filed as document 1 in the court's file. For convenience, they will be referred to as "Doc. 1(a)" and "Doc 1(b)."

trust. *See id.* On August 23 and 24, 1999, Agent Guynn issued IRS summons to Wells Fargo Bank and Bank of America, which sought all records for the Kostrikins for periods ending December 31, 1996 and December 31, 1999. *See id.* On August 26, 1999, Agent Guynn issued a third summons to California Federal Bank ("Cal Fed"), which sought all records for the Elena Trust for the same periods of time. *See id.* Agent Guynn issued a fourth summons October 8, 1999 to Nationsbanc Mortgage Corporation ("Nationsbanc Mortgage"), which sought all records for the Kostrikins for the same periods of time. *See id.* The banks have not yet responded to the summons, and the IRS has not made a criminal referral to the Justice Department regarding the Kostrikins for the 1996 and 1997 tax years. *See id.*

## II. *LEGAL STANDARD*

■ The court conducts *de novo* review of this case pursuant 28 U.S.C. § 636(b)(1)(C) and Local Rule 73–305. A magistrate judge may make findings of fact and recommendations for the determination of any dispositive pretrial matters to which he or she is assigned. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); L.R. 72–304(a) and (e). The district court is not bound to adopt the magistrate judge's findings and recommendations; on the contrary, the court must exercise "sound judicial discretion" in making its own determination on the record. *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), *reh'g denied,* 448 U.S. 916, 101 S.Ct. 36, 65 L.Ed.2d 1179 (1980).

■ The district court reviews *de novo* those portions of the proposed findings of fact to which objection has been made, 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.,* 656 F.2d 1309, 1313 (9th Cir.), *cert. denied,* 455 U.S. 920, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982), and the magistrate judge's conclusions of law, *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir.1989) (citing *Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983)). The court may, however, assume the correctness of that portion of the proposed findings of fact to which no objection has been made and decide the motion based on applicable law. *See United States v. Remsing,* 874 F.2d 614, 617 (9th Cir.1989) (citing *Orand v. United States,* 602 F.2d 207, 208 (9th Cir.1979)). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

## III. *ANALYSIS*

■ The Magistrate Judge's analysis is sound and well-reasoned. *See* F & R, pp. 3–6. The first two summonses and the fourth summons address the Kostrikins. The IRS is empowered to investigate the correctness of tax returns and to issue summonses pursuant to such investigation. *See* F & R, pp. 3–4. The IRS made its prima facie case on the sufficiency of the summons: it fulfilled the four-part test under *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964). *See* F & R, pp. 4–6. Plaintiffs alleged no facts to rebut the Government's prima facie case. As to the third summons, addressed to the Elena Trust, the Magistrate Judge correctly reasoned the proper respondent is the trustee, not the Kostrikins, who are merely the trust's grantors. *See* F & R, p. 6. The Kostrikins have no standing to contest this summons. *See id.*

The Kostrikins' objections are meritless.[3] The Kostrikins' first objection is:

---

**3.** Only the Kostrikins' second set of objections will be addressed, as it contains all the objections in the first set of objections, plus one additional objection. *Compare* Objections to

Magistrate Judge's Findings and Recommendations, filed January 10, 2000 (Doc. 17) *with* Objections to Magistrate Judge's Findings and

There is the issue that the response to the motion to quash summons was addressed to someone other than ourselves. The original motion was filed as Peter I. Kostrikin and Elizabeth Kostrikin in our private capacity. The Response [sic] was addressed to Peter I. Kostrikin and Elizabeth Kostrikin. Therefore, the United States was not responding to us.

*See* Objections, Doc. 18 ("Objections" or "Obj."), pp. 1–2. This objection is unclear. To the extent it attempts to rebut the Magistrate Judge's holding that the Kostrikins lack standing to contest the third summons on the Elena Trust, it fails. To the extent it addresses the Magistrate Judge's recommendations on the other three summonses, it contains no facts which rebut the information provided by the Government or Agent Guynn.

■ The Kostrikins' next objection is that the Kostrikins are "private inhabitants upon the land" whose "private matters" were "inva[ded] by a foreign entity," presumably the IRS. *See* Obj., p. 2. They assert they believe "their freedom has been and is being violated for the purpose of unjustified gain." *Id.* They argue the "administrative summons did not specify the compelling reason for the need to examine our private lives and affairs." As the Magistrate Judge's F & R explain, 26 U.S.C. § 7602 grants the IRS power to issue summons to determine the correctness of tax returns. This is the IRS's stated reason for the summonses. Agent Guynn's affidavit and supporting materials supports this assertion. Plaintiff's rhetoric does not refute this assertion.

The Kostrikins next argue the Magistrate Judge's F & R are not adequately supported because the F & R rely on case law "and not positive law or statutes." *See* Obj., p. 3. The Kostrikins argue "[w]hether or not positive law was used in our case is suspect" and assert "Title 26 [the Internal Revenue Code] is not positive law." *See id.* The Kostrikins' argument is mistaken.

The Kostrikins do not define what they mean by "positive law." Black's Law Dictionary defines "positive law" in relevant part as "typically constist[ing] of enacted law —— the codes, statutes, and regulations that are applied and enforced by the courts." Black's Law Dictionary 1182 (7th ed.1999). Despite the Kostrikin's assertion to the contrary, the Internal Revenue Code is "positive law." Furthermore, the Magistrate Judge need not rely solely on statutes to support his decision; relevant, controlling case law, not overturned or contradicted by relevant statutes or regulations, may also form the basis for the Magistrate Judge's F & R. The Kostrikins point to no case cited in support of the F & R that is irrelevant, superseded by statute, or no longer controlling.

■ The Kostrikins assert "a 'generic explanation' of relevance is insufficient to require compliance," citing to a May 12, 1998 federal Magistrate judge's decision in *"Gordon W. Johnson v. United States, et. al* cite 98 TNT 91–22." *See* Obj., p. 4. A Magistrate Judge's decisions are not binding on a district court. Even if they were, the court could not locate the decision the Kostrikins cite, and so cannot evaluate the persuasiveness of the Magistrate Judge's decision. This opinion provides no basis for overturning the F & R.

The Kostrikins assert 26 U.S.C. § 6065 requires "any motion for compliance ... set forth in full the relevant factors concerning the request for materials from respondent [and state] that the respondent is able to produce them [and] said statement must be signed under penalty of perjury by the IRS Representative." *See* Obj., pp. 3–4. The Kostrikins are mistaken. 26 U.S.C. § 6065 requires only that certain documents be verified: "Except as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by

Recommendations filed January 14, 2000 (Doc. 18).

a written declaration that it is made under the penalties of perjury."

The Kostrikins assert Agent Guynn "in [their] belief, signed his Court documents regarding the third party summoned materials which [sic] contains no evidence of an investigative nature." *Id.*, p. 4 "On the provision that our tax system is voluntary as stated in the IRS Information booklet, then Agent Guynn makes an assumption unsupported by the alleged 'prima facie evidence' as declared by Attorney Schrock." *Id.* These arguments are rhetoric and do not rebut the Government's prima facie case.

The Kostrikins provide quotations from *United States v. Roundtree*, 420 F.2d 845 (5th Cir.1969) ("We conclude that the taxpayer is *entitled to investigate the IRS's purpose*, where such purpose has been put in issue and may affect *the legality of the summons* ....") (emphasis in original), *Dodd v. United States*, 223 F.Supp. 785 (D.N.J.1963) ("for federal tax purposes, federal *regulations* govern.") (emphasis in original) and *Lyeth v. Hoey*, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119 (1938) (same). The quotation from *Roundtree* is taken out of context and is irrelevant to this case. The *Roundtree* case was a civil action where the Government moved to quash the taxpayer's deposition of the agent in charge. The Fifth Circuit made the quoted statement in the context of upholding the taxpayer's right to conduct discovery. *See Roundtree*, 420 F.2d at 851–52. Even if *Roundtree* were applicable and contradicted the Magistrate Judge's decision (neither of which it does), Fifth Circuit decisions do not control in the Ninth Circuit. As for the *Dodd–Lveth* quotation, it does not advance the Kostrikins' case.

The Kostrikins argue: "The primary question in our case is whether or not the regulations are positive law from the evidence it does not appear that 'Title 26 has the force and effect of law in our issue. [sic]" Obj., p. 4. As previously stated, Title 26 is "positive law," pursuant to Black's Law Dictionary. To the extent the Kostri-

kins argue F & R may only be supported by so-called "positive law" (i.e. statutes), they are incorrect. The Kostrikins state "[R]egulations do not grant authority." The Kostrikins provide no authority for this contention.

The Kostrikins argue: "The conflict in definitions relevant to our issue are tell tail [sic] signs of conflict within the statute and alleged regulations." Obj., p. 4. The Kostrikins do not direct the court to these alleged conflicts.

The Kostrikins provide block quotations from two Supreme Court cases, *United States v. Mersky*, 361 U.S. 431, 80 S.Ct. 459, 4 L.Ed.2d 423 (1960) and *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), a district court case, *Curley v. United States*, 791 F.Supp. 52 (E.D.N.Y.1992), and the Tax Reform Act of 1984 (no citation provided). The relevance and significance of these quotations is neither presented nor apparent.

The Kostrikins finally argue: "This objection is based on the grounds that the items being requested have no relevance nor refer to any audit authorized under a positive statute. We are private inhabitants and not public entities which the government must regulate. As one of the millions of inhabitants within the boundaries of the several states, we rightfully object to the incursion and trespass upon our lives which the Courts have a duty to protect." Obj., p. 5. This argument is rhetoric, and is without legal foundation. The Kostrikins' real complaint is that the IRS is inquiring into the correctness of their 1996 and 1997 tax returns by reviewing their bank statements. As the F & R properly stated, the IRS is empowered to make this investigation, and properly issued a summons in furtherance of this investigation. The Kostrikins' objections are meritless.

## IV. CONCLUSION

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73–

205, this court has conducted a *de novo* review of his case. The district court has carefully reviewed the entire file. The Magistrate Judge's F & R (Doc. 16) is supported by the record and well-reasoned analysis and is ADOPTED IN FULL. The Kostrikins' motions to quash (Docs.1(a) and 1(b)) the four summonses are DENIED. The Government's motions for summary enforcement of three summons and to dismiss the motion to quash as to the fourth summons (Docs. 7, 8 & 12) are GRANTED as set forth above.

SO ORDERED.